RECEIVED
IN LAKE CHARLES, LA

NOV - 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CV 05-0741LC<br>CR 03-20113-01 |
| VERSUS | JUDGE MINALDI |
| JULIUS A. WARE, JR. | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Currently before the court is a Motion to Vacate, Set Aside or Correct Sentence filed by Julius A. Ware, Jr. An answer was filed by the Government, but no reply was filed by Ware.

### Procedural History

The government did a thorough job of summarizing the procedural history and we will not repeat that history here.

A direct appeal was not taken.

On February 3, 2005, Ware sent a letter to this court requesting that the court order six months in a half way house. The court responded advising Ware that generally all Bureau of Prisons (BOP) inmates are moved to a halfway house for at least four to six months of their sentences, but this is totally discretionary with the BOP.

In this §2255 petition, Bryant asserts that he was denied effective assistance of counsel because his counsel did not request time in a halfway house.

### Analysis

"Relief under 28 U.S.C. 2255 is reserved for transgressions of constitutional rights and for

a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 368 (5th Cir. 1992). A claim may be cognizable under 28 U.S.C. §2255, but the petitioner must establish why the issue has not been raised previously and must show prejudice.[1] Collateral review is fundamentally different from and may not serve as a direct appeal.[2] Ware did not raise these issues on appeal, nor did he prove prejudice. Neither has he shown that a fundamental miscarriage of justice would result from this court's failure to entertain the claims at this point in the proceedings[3] or that he is factually innocent.[4]

Ineffective Assistance of Counsel Claim

In evaluating whether counsel was ineffective, the claims must be evaluated under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[5] The burden that *Strickland* poses on a defendant is severe.[6]

---

[1] *U.S. v. Pierce*, 959 F.2d 1297, 1300 (5th Cir. 1992).

[2] see *U.S. v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1592-93 (1982).

[3] see *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1991); *U.S. v. Flores*, 981 F.2d 231 (5th Cir. 1993).

[4] *McClesky v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471 (1991).

[5] *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[6] *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[7] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, `strongly presuming that counsel has exercised reasonable professional judgment.'"[8]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[9] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[10]

A claim of ineffective assistance of counsel is not the panacea that most convicted defendants seem to imagine it to be. It is not to be invoked whenever counsel makes an error or elects to use a trial strategy which, in hindsight, was not the best course of action available.

The first prong of the *Strickland* test requires a showing that petitioner's counsel made errors so serious that counsel was not functioning as guaranteed by the Sixth Amendment. Discretion in

---

[7]. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

[8]. *Martin*, 796 F.2d at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[9]. *Strickland*, 466 U.S. at 693, 104 S.Ct at 2067.

[10]. *Strickland*, 466 U.S. at 694, 104 S.Ct at 2068.

this matter is left, for the most part, to the trial court with the admonition that if the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). However, counsel's judgment should not be judged in the light of hindsight as to whether this or that strategy was right or wrong, but whether his performance fell short of the "wide range" of competent conduct available to attorneys. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The second prong of the *Strickland* test requires a showing of a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different. This "prejudice" criteria is often used to dispose of cases without reaching counsel's competency. "It is not sufficient that the habeas petitioner merely allege a deficiency on the part of counsel; he must affirmatively plead prejudice in his petition." (citations omitted) *Burton v. Collins*, 925 F.2d 816 (5th Cir. 1991).

The defendant argues that he was denied effective assistance of counsel because his attorney did not discuss with him, nor request from the court, confinement in a halfway house or home confinement. In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would have insisted on going to trial rather than plead. *Hill v. Lockhart*, 106 S.Ct. 366 (1985). During the plea colloquy, the defendant was specifically asked if any promises had been made and he said no. Ware has not shown that absent his attorney's actions he would have chosen to go to trial rather than plead.

Mr. Casanave's actions were reasonable and did not prejudice the defendant. The defendant had advised the court that no promises or coercion had taken place, that he had reviewed the

4

guidelines with counsel, and he signed the plea agreement acknowledging the possible penalties.

Assuming *arguendo* that this court found that defense counsel's representation fell below the objective standard of reasonableness as measured by prevailing professional standards, this would not be enough. The petitioner must also demonstrate a reasonable probability that, but for counsel's professional errors, the prison sentence imposed by the trial court would have been significantly less. *U.S. v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994); *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Ware has failed to show that the sentence would have been any different.

Counsel's strategy decisions were not errors so serious that this court would find that he was not functioning as the counsel guaranteed by the Sixth Amendment. If petitioner is unable to prove actual prejudice, then he is not entitled to relief. Thus, only in extraordinary cases will a finding of ineffective assistance of counsel be warranted. This is not one of those cases. This claim, therefore, provides no basis for relief.

In this case, even if Mr. Casanave had requested confinement in a halfway house or home confinement, the court would not have had the authority to grant such a request. When Ware was sentenced, the Guidelines were mandatory. The defendant was not eligible under the Guidelines for either a halfway house or home confinement. His applicable guideline range was in Zone D which

could only be fulfilled by a term of imprisonment. Mr. Casanve cannot be ineffective for failing to raise a meritless claim.[11]

Lake Charles, Louisiana, this _____ day of November, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[11] *Jones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995).